The Honorable Jodie Mahony State Senator 106 West Main, Suite 406 El Dorado, AR 71730-5693
The Honorable John A. Riggs, IV State Senator P.O. Box 1399 Little Rock, AR 72203
Dear Senators Mahony and Riggs:
I am writing in response to your joint question concerning the proper interpretation of Amendment 7 to the Arkansas Constitution, the amendment governing the people's power of initiative and referendum. You enclose a copy of that amendment for my review and direct my attention to the definition of the word "measure" therein. That term is defined in Amendment 7 as including "any bill, law, resolution, ordinance, charter, constitutional amendment or legislative proposal or enactment of any character." You place emphasis on the fact that this definition includes constitutional amendments. You then note that a succeeding provision in Amendment 7 states that: "No measure approved by a vote of the people shall be amended or repealed by the General Assembly or by any City Council, except upon a yea and nay vote on roll call of two-thirds of all the members elected to each house of the General Assembly, or of the City Council, as the case may be." (Emphasis supplied).
You seek my official opinion "as to whether Amendment 7 to the Arkansas Constitution authorizes the General Assembly to amend or repeal constitutional amendments upon a two-thirds vote of the members elected to each house of the General Assembly."
RESPONSE
It is my opinion that the answer to your question is "no." This precise question was addressed and answered in the negative in Arkansas Game andFish Commission v. Edgmon, 218 Ark. 207, 235 S.W.2d 554 (1951). The court stated:
 It is inconceivable that in defining constitutional amendment as a measure the purpose was to invest the General Assembly with power (a) to repeal a constitutional amendment, or (b) with authority to amend an amendment — a power that could be exercised to such an extent that the entire meaning of a constitutional provision achieved through amendment could be changed by legislative action.
 The clear intent of the Initiative and Referendum Amendment was to give the people enlarged legislative and constitutional powers. Certainly if the purpose had been to take away fundamental security then enjoyed or to be acquired under the Amendment, the right of two-thirds of those elected to the General Assembly to treat amendments as though they had been referred to it would have been expressed in more emphatic terms.
218 Ark. at 211 (emphasis original).
The issue is also addressed in Kennedy, Initiated ConstitutionalAmendments in Arkansas: Strolling Through the Mine Field, 9 U.A.L.R.L.J. 1 (1986-87), wherein the author states the following:
 Constitutional amendments are included in the term "measure." The language of amendment 7 appears to allow the legislature to amend a portion of the constitution. However, when this issue came before the Arkansas Supreme Court in Arkansas Game and Fish Commission v. Edgmon
the court concluded that such an interpretation was illogical. . . .
 Both article XIX, section 22 and amendment 7 require a vote of the people to amend the constitution. Common sense dictates that the legislature not be given the power to amend or repeal portions of the constitution.
Id. at 52.
It is therefore my opinion that the answer to your question is "no."
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh